ROBERTO ACEVEDO GARCÍA, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, ÁNGEL M. UMPIERRE, JUDGE, Respondent; WESTERN ASSURANCE COMPANY, Intervener.

No. CE-63-14.          Decided March 23, 1965.

*Manuel J. Medina Aymat* for petitioner. *F. Fernández Cuyar* and *Amancio Arias Cestero* for intervener.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

The District Court of Puerto Rico, San Juan Part, rendered judgment ordering intervener herein, Western Assurance Company, to pay petitioner the amount of $1,800, plus costs, and $200 for attorney's fees, for damages suffered in an automobile accident. Feeling aggrieved, the Western Assurance Company appealed to the Superior Court of Puerto Rico, San Juan Part, alleging, as sole error, that: "The

District Court erred in fixing the value of the automobile in the amount of $1,800 without having basis in the evidence received for the [sic] evaluation of said automobile." The respondent court rendered judgment reversing that of the District Court and dismissed the complaint. The only question for decision herein is whether there exists in the evidence received by the District Court a sufficient description of the damage suffered to support the evaluation of the damaged automobile.

According to the brief statement of facts included in the findings of fact and conclusions of law prepared by the District Court Judge, petitioner herein, Roberto Acevedo García, "testified that on the date of the accident he owned a 1955 De Soto deluxe, which he had bought fifteen months earlier for the amount of $2,000; that he had painted it three months previously; that at that time he worked as foreman for the Eastern Sugar, and that he seldom used his car because the company furnished him with a jeep; that he only used it on Saturdays and Sundays for taking rides with his family; that his car was in perfect condition and that he had to sell it as salvage for $100 to Colón garage in Caguas." Jesús Maldonado testified that he knew plaintiff Roberto Acevedo, whose motor vehicles he had repaired on several occasions; that on November 9, 1959 he was driving plaintiff's motor vehicle and that while traveling from Juncos towards Gurabo, at nighttime, he collided against a truck wrongly parked; that the car he was driving, which belonged to plaintiff, was a De Soto Belvedere in perfect condition, which he himself had painted three months before, and that a month before he had changed the mats." Jaime Felicier testified, in synthesis, that on the day and place of the accident he saw plaintiff's vehicle totally destroyed. Therefore, this is a case of total loss.

■ The intervener indicates that the judgment of the Superior Court reversing that of the District Court should

be upheld, although on a different ground, since claimant failed to submit the necessary facts to fix the compensation. It cites in its favor the case of *Boria* v. *The Maryland Casualty Co.*, 60 P.R.R. 808, 811–815 (Del Toro) (1942). In the case of Boria, the compensation sought was for damages, depreciations, and loss of profit (at p. 811), while in the present case compensation is sought for "total loss of the vehicle." In the text of the opinion we find the difference between the case cited and the case under consideration: "What they [appellants] argue is that no evidence has been introduced which would permit the fixing of the amount of the damages claimed, and that the court rendered judgment on the basis of the total destruction of the truck, which it could not do, as such destruction had not been alleged as the determining cause of the damages."

▮ In order to determine the total loss of the vehicle we have the following facts: The sales price of $2,000 fifteen months prior to the accident, evidence of an orderly use and a praiseworthy care of the vehicle during said fifteen months, and an auction price of one hundred dollars for the trash of the car after the accident. The District Court fixed the total loss of the vehicle at $1,800. Undoubtedly it deducted from the initial sales price the one hundred dollars salvage price and estimated the possible depreciation in one hundred dollars more. The date of the sale is not so remote from the date of the accident to require the services of an expert to estimate the depreciation, and the amount of one hundred dollars fixed for a period of fifteen months on the cost of $1,800 is not so unreasonable as to halt the ordinary course of justice.

For the reasons stated, the judgment of the Superior Court of Puerto Rico, San Juan Part, of February 28, 1963 will be reversed, and the judgment of the District Court of Puerto Rico, San Juan Part, of August 22, 1962 will prevail.